# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADIRA HERNANDEZ, an individual;<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PARKER HANNIFIN CORPORATION, a Foreign Corporation,<br><br>　　　　　　Defendant. | Case No. 3:21-cv-00808-H-BGS<br><br>**ORDER GRANTING JOINT MOTION AND STIPULATION FOR ENTRY OF PROTECTIVE ORDER**<br><br>[ECF 11] |

The parties have filed a Joint Motion and Stipulation for Entry of Protective Order. (ECF 11.) The Joint Motion is **GRANTED** and the parties' stipulated Protective Order is entered as set forth below.[1]

---

[1] The Court has only modified the parties' proposed Protective Order to add footnote two below.

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain private information including but not limited to medical information of Plaintiff or third parties, proprietary internal business or financial information, a trade secret or other confidential research, technical, cost, price, marketing or other commercial information, including as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches;

///

drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff for counsel of record, as well as in-house counsel for any party.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party, or would disclose the private information of a party or a third party.

b. Designation as "CONFIDENTIAL - ATTORNEYS' EYES ONLY": Any party may designate information as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information, as well as information that the designating party reasonably believes is protected under the Health Insurance Probability and Accountability Act ("HIPAA").

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be

considered as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person who would not otherwise be permitted to review the confidential information other than the deponent, counsel (including their staff and associates), the court reporter, videographer, interpreter/translator (if applicable) and the person(s) agreed upon pursuant to paragraphs 8 and 9 below; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be given, shown, made available to, or communicated in any way ONLY to (i) the Court or Court staff, (ii) counsel of record for the parties or any employee of such counsel who is assisting in this litigation and to whom it is necessary that the material be shown for purposes of this litigation, and (iii) expert witnesses or consultants retained by parties or their counsel for this litigation (excluding any party or employee of any party who may be called upon to offer expert testimony at trial,) provided that prior to being afforded access, be provided a copy of this Protective Order and agree to be bound by its terms by certifying that he or she has carefully read the Protective Order and fully understands its terms. The certificate shall be of the form set forth in Exhibit "A" hereto. Counsel making disclosure to any person described herein shall retain the original executed copy of said certificate until final termination of this litigation;

9. Information designated "confidential" must be viewed only by counsel (as defined in paragraph 3) of the receiving party, by court-appointed independent experts (pursuant to the terms of paragraph 8), by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

    a. The Court, including its staff;

    b. The parties, and those officers, directors, and employees of any party to whom disclosure is necessary to aid in the prosecution or defense of this action;

///

   c. Counsel to the parties in this litigation and the legal associates and clerical or other support staff who are employed by such counsel and are assisting such counsel in this litigation ("Support Staff");

   d. Court reporters and videographers who record depositions or other testimony in this litigation;

   e. Interpreters or translators;

   f. Expert witnesses or consultants retained by parties or their counsel for this litigation, provided that prior to being afforded such access, such persons are provided a copy of this Protective Order and agree to be bound by its terms by certifying that he or she has carefully read the Protective Order and fully understands its terms. The certificate shall be of the form set forth in Exhibit "A" hereto. Counsel making disclosure to any person described herein shall retain the original executed copy of said certificate until final termination of this litigation;

   g. Any other person as to whom the parties, in writing, agree.

  10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

  11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel of record for the receiving party, except that court-appointed independent experts or retained expert witnesses authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

  12. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody

and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed. If an application to file a document under seal is granted by Judge Skomal, a redacted version of the document shall be e-filed. A courtesy copy of the unredacted document shall be delivered to Judge Skomal's chambers.

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. Should either party wish to make such confidential materials available to an individual not described in paragraphs 8 or 9 (above) they must notify the other party in writing and the parties must meet and confer. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections/request for disclosure, the objecting party/party requesting disclosure may move the Court for a ruling on the objection or request for disclosure.[2] It shall be the burden of the party that makes the designation to demonstrate that the material or information at issue was properly designated. It shall be the burden of the party seeking the disclosure to persons other than those designated in this Protective Order to show that such disclosure is necessary. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take

---

[2] The parties must follow Judge Skomal's Chambers Rules for discovery disputes to timely raise any dispute not resolved through the meet and confer process required by the Court.

reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" - SUBJECT TO PROTECTIVE ORDER.

17. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any

information designated as confidential information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. Upon final termination of this action, including any and all appeals, the Court is to destroy Confidential and Attorneys' Eyes Only material in the Court's possession. Any action by the Court in this regard must be preceded by an ex parte motion for an order authorizing the destruction of the Confidential and Attorneys' Eyes Only material.

23. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential

information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

24. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

25. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

26. Without separate court order, the Protective Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

27. This Order may be modified by agreement of the parties, subject to approval by the Court.

28. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

**IT IS SO ORDERED.**

Dated: November 23, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge

# EXHIBIT A

I hereby acknowledge that I, _____, am about to receive "Confidential" and/or "Confidential Attorney's Eyes Only" Information supplied in connection with the proceeding, *Yadira Hernandez v. Parker Hannifin Corporation*, United States District Court for the Southern District of California, Case No. 3:21-cv-00808-H-BGS. I certify that I understand that the "Confidential" and/or "Confidential Attorney's Eyes Only" Information is provided to me subject to the terms and restrictions of the Stipulated Protected Order dated _____, _____.

I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not disclose Confidential or Confidential Attorney's Eyes Only information to anyone, except as allowed by the Court. I will maintain such Confidential or Confidential Attorney's Eyes Only information to anyone, except as allowed by the Court. I will maintain all such Confidential or Confidential Attorney's Eyes Only information in a secure manner to prevent unauthorized access to it. No later than 30 days after being notified of the termination of this action, I will return the Confidential or Confidential Attorney's Eyes Only information to the counsel who provided it to me. I hereby consent to being subject to the personal jurisdiction of the Court, with respect to any proceedings relative to the enforcement of that Order, including without limitation any proceeding related to contempt of Court.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this ____ day of _____ 20____, at _____ [city, state].

Signature: _____

Print Name: _____

Title: _____

Address: _____

City, State, Zip: _____

Telephone No. _____