UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YADIRA HERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> PARKER HANNIFIN CORPORATION, <br><br> Defendant. | Case No.: 21-cv-0808-H-BGS <br><br> **ORDER REGARDING EXTENSION OF DISCOVERY** <br><br> [ECF 14] |

  The parties contacted Judge Skomal's chambers on November 29, 2021 to raise a dispute regarding extending the fact discovery deadline. (ECF 14)  The parties agree that four depositions have not been completed and that an extension of the fact discovery deadline is needed to complete those depositions.  However, the parties disagree about whether the fact discovery deadline should be extended for purposes of written discovery.

  Defendant expects the depositions can be completed with a 45-day extension and seeks to extend the fact discovery deadline only for purposes of the four identified depositions.  Plaintiff seeks a 60-day extension of fact discovery that also extends the deadline for purpose of written discovery.  Plaintiff did not identify any specific written discovery that needed to be conducted.  However, Plaintiff indicated there might be a need for further written discovery based on discovery responses being provided by Defendant this week pursuant to a recently entered protective order and information disclosed in depositions.  Plaintiff also indicated there might be a need to issue a second set of written discovery requests if the parties are unable to resolve issues Plaintiff has

1

raised with Defendant's responses to Plaintiff's first set of written discovery requests.[1] Defendant opposes extending the deadline for purposes of written discovery but is not opposed to a 60-day extension to complete the outstanding depositions.

The Court is not persuaded that such a lengthy extension of fact discovery is warranted for written discovery.  Unlike the specifically identified depositions, the only potential written discovery Plaintiff has identified needing to conduct is speculative.[2]

Based on the information provided during the joint call to Chambers, the Court **GRANTS** an extension of the fact discovery deadline for written discovery from December 3, 2021 to December 17, 2021.  The deadline to complete the four identified depositions is extended from December 3, 2021 to January 31, 2022.[3]

---

[1] The parties raised an issue with the timeliness of Plaintiff raising any issues with Defendant's objections and responses to Plaintiff's first set of written discovery requests pursuant to Chambers Rules, Section V.C (30-day Rule). (ECF 14.)

[2] Neither party is precluded from seeking leave from the Court to conduct additional written discovery if the need arises and the party can explain why they did not seek the discovery earlier.  For example, if an issue arises during one of the outstanding depositions that justifies additional written discovery, neither party is precluded from seeking leave to conduct additional written discovery.  However, any such request must be filed within five days of the need for the new discovery arising, explain why the party did not foresee the need for the discovery, and be supported by a declaration as described in Chambers Rules, Section III.C.1.

[3] If Plaintiff seeks to extend the written discovery deadline beyond the now extended December 17, 2021 deadline, Plaintiff may file a written motion that must "include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met, as well as the specific discovery that has been conducted, and what specific discovery remains outstanding." (Chambers Rules, Section III.C.)  Plaintiff must include all steps taken to comply with the original December 3, 2021 fact discovery deadline since the Scheduling Order was issued, address any delays on Plaintiff's part, including why Plaintiff's deposition did not proceed on November 23, 2021, and very specifically identify any written discovery Plaintiff seeks that cannot be completed by the December 17, 2021 extended deadline.  If Plaintiff files such a motion, it must be filed no later than December 7, 2021.  If Plaintiff timely files such a motion, Defendant may file an opposition on or before December 10, 2021.  Neither brief may exceed three pages,

Expert deadlines are extended as follows:

- Deadline for expert designations is extended from January 3, 2022 to **January 24, 2022**
- Deadline for exchange of rebuttal experts is extended from January 18, 2022 to **February 4, 2022**
- Deadline to comply with the disclosure provisions of Rule 26(a)(2)(A) and (B) is extended from February 18, 2022 to **March 1, 2022**
- Deadline to supplement disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) is extended from March 5, 2022 to **March 17, 2022**
- Deadline to complete all expert discovery is extended from April 4, 2022 to **April 11, 2022**

The Court will not make a finding that Plaintiff has or has not waived any issues with Defendant's responses and objections to Plaintiff's first set of written discovery requests at this time. The Court only has limited information before it regarding the timeliness issue and any justifications for delay that might make waiver inappropriate. The Court directs the parties to promptly and in good faith meet and confer pursuant to Chambers Rules, Section V.A. and Civil Local Rule 26.1(a) regarding those issues and attempt to resolve them without Court intervention. (See ECF 9 ¶ 2.). If they are not resolved and Plaintiff attempts to raise them as a discovery dispute before the Court, the briefing on the dispute would include addressing waiver under Section V.C.

**IT IS SO ORDERED.**

Dated:  December 1, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge

---

excluding the required declarations. However, anything relied on from a declaration must be summarized or quoted in the motion or opposition.