UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| YADIRA HERNANDEZ ,<br><br>Plaintiff,<br><br>v.<br><br>PARKER HANNIFIN CORPORATION,<br><br>Defendant. | Case No.:  21-cv-0808-H-BGS<br><br>**ORDER ON PLAINTIFF'S REQUEST FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY**<br><br>[ECF 16] |
|---|---|

## I.   INTRODUCTION

On December 8, 2021, Plaintiff Yadira Hernandez filed a Request for Leave to Conduct Additional Discovery.  (ECF 16.)  Plaintiff is seeking leave to take a Rule 30(b)(6) deposition regarding the defendant's reduction in force[1] based on documents

---

[1] Specifically, the two topics are:
   The reason(s) why Plaintiff was selected to be included in Reduction-In-Force that is the subject of this action.
   The information contained in the document produced by Defendant in discovery with Bates Stamp numbers DEF000135-DEF000136 entitled Parker Hannifin: Hydraulics Group Reduction-In-Force Paired Comparison.

1

regarding Defendant's reduction in force produced by Defendant Parker Hannifin Corporation on December 1, 2021.  (*Id.* at 2.[2])  Defendant filed an Opposition on December 13, 2021.  (ECF 17.)  Defendant argues Plaintiff should have foreseen the need for a Rule 30(b)(6) deposition regarding Defendant's reduction in force before receiving Defendant's December 1, 2021 discovery responses.  (*Id.* at 2-3.)

## II.  BACKGROUND

On December 1, 2021, the Court issued an order extending the deadline to complete written discovery from December 3, 2021 to December 17, 2021 and extending the deadline to complete four specific depositions to January 31, 2022.  (ECF 15 at 2.)  The parties had raised a dispute regarding the extension of the fact discovery deadline.  (ECF 14.)  Plaintiff wanted an extension for the depositions and for possible further written discovery.  (*Id.* at 1-2)  Defendant was opposed to extending discovery except for the four specifically identified depositions.  (*Id.*)

As explained in the Court's Order, Plaintiff speculated that she might need further written discovery based on discovery responses that had yet to be provided by Defendant (but were expected that week) or based on information disclosed at the four depositions that had not been taken yet.  (*Id.* at 1.)  The parties had indicated that some of Defendant's discovery responses were delayed until the parties entered into a Protective Order.  (*Id.*)  However, neither party explained then or in the current briefing why that production was delayed almost two weeks after the Protective Order was entered.  (ECF 13 (November 23, 2021 Order granting parties' November 15, 2021 Joint Motion for entry of the parties' stipulated protective order.)  In declining to extend the deadline for further written discovery beyond the December 17, 2021 extension, the Court explained that the only potential written discovery Plaintiff had identified was speculative.  (ECF 15 at 2.)  However, the Court specifically permitted Plaintiff leave to file a written motion,

---

[2] The Court cites the CM/ECF electronic pagination unless otherwise noted.

in compliance with specific requirements, to extend the deadline for written discovery beyond the December 17, 2021 deadline. (*Id.* at 2 n.3.)  The Order also noted that neither party was precluded from seeking leave from the Court to conduct additional written discovery if the need arose, but required the party explain why they did not seek the discovery earlier, explain why the party did not foresee the need for the discovery, be filed within five days of the need for the new discovery arising, and comply with the Chambers Rules.  (*Id.* at 2.)

The Order did not address the potential need for any depositions beyond the four identified because the parties only raised the need for an extension as to those four depositions and at yet unidentified written discovery.

### III.  DISCUSSION

Plaintiff's request does not fit squarely within the direction provided in the Court's December 1, 2021 Order because Plaintiff is not seeking leave to conduct written discovery.  In this respect, it is not a request to extend an existing deadline.  Rather, Plaintiff is essentially seeking to reopen fact discovery to take a Rule 30(b)(6) deposition based on recently produced discovery.

> When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, we instruct district courts to consider the following factors: '1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.'

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F3d 1512, 1526 (9th Cir. 1995).

Trial in this case is not imminent.  The pretrial conference is set for August 8, 2022, leaving amply time for these depositions to be taken.  As noted above, Plaintiff's request is opposed.  The only prejudice Defendant would likely face is

having to make deponents available for deposition.  Given the Scheduling Order has already been modified to allow for depositions both parties needed to complete after the close of fact discovery, there should be no impact on the case schedule in allowing these depositions.  Whether Plaintiff has been diligent and the foreseeability of the need for the additional discovery are less clear.

Upon receiving Defendant's production, it appears Plaintiff moved rather diligently to notice the depositions within the December 17, 2021 deadline the Court set for written discovery, but Defendant objected as to the date as well as to whether it was proper under the Court's modification of the Scheduling Order.  As noted above, it is unclear why Defendant did not produce these documents for two weeks after the Protective Order was entered, a matter that would appear to be beyond Plaintiff's control.  Defendant delayed producing these documents until only two days before the close of fact discovery on December 3, 2021.  Had the documents been produced earlier, or even immediately after the Protective Order was entered, Plaintiff might have been able to notice these depositions within the fact discovery period.  However, because Defendant produced them only two days before the close of fact discovery, that was not possible.

As to the foreseeability of needing this discovery, Plaintiff's explanation is somewhat lacking, particularly when faced with Defendant's assertion that Plaintiff should have known that Defendant's reduction in force, its primary defense here, was an important issue before receiving documents regarding it.  Plaintiff, both in her Motion and in the Declaration in support of the Motion, indicates that the documents do not identify the author of them, and they contain new information regarding the reduction in force.  (ECF 16 at Decl. of Omid Nosrati [ECF 16-1] ¶ 11.)  Plaintiff's Motion also indicates that the documents produced provide "details about defendant's reduction in force" and "Plaintiff could not have noticed a deposition about this document earlier because [Plaintiff] was not aware until December 1, 2021 that this document exists."  (ECF 16 at 4.)

Having considered all the factors, the Court grants Plaintiff leave to take the Rule 30(B)(6) depositions on the two topics identified in the Motion. They must be completed by **January 31, 2022**.

## IV.   CONCLUSION

Plaintiff's request for leave to conduct take Rule 30(b)(6) depositions is granted as to the two topics identified above.

**IT IS SO ORDERED.**

Dated:  December 17, 2021

_____
Hon. Bernard G. Skomal
United States Magistrate Judge